# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES BEEN, individually and d/b/a
Creekside Farm, Inc., et al,

    Plaintiffs and Class Representatives,

v.

O.K. Industries, Inc., and Arkansas
corporation, et al.,

    Defendants.

Case No. CIV-02-285-RAW

## ORDER

Before the Court is Plaintiffs' motion for judicial recusal [Docket No. 434]. On September 18, 2007, at the Status and Scheduling Conference, the Honorable Ronald A. White ("Judge White") informed counsel of his dating relationship with an associate at defense counsel's firm. That attorney is not involved in this case and has not entered an appearance herein. Plaintiffs filed the motion for recusal on October 5, 2007. Plaintiffs argue that Judge White should recuse because of his relationship with the associate at defense counsel's firm and because of the fact that he issued a ruling adverse to Plaintiffs that was overturned by the Circuit. Plaintiffs argue that although 28 U.S.C. § 455(b) does not require Judge White's recusal, 28 U.S.C. § 455(a) does. The Court does not agree.

Title 28 U.S.C. § 455(b) enumerates certain situations in which a judge must always recuse. Most relevant to the current situation are subsections (b)(4) and (b)(5). Subsection (b)(4) requires a judge to recuse if he, his spouse or minor child residing in his household has a financial interest that could be substantially affected by the outcome of the proceeding. Subsection (b)(5) requires a judge to recuse in any case in which he, his spouse, a person within the third degree of relationship

to either the judge or his spouse, or the spouse of such a person: (i) is a party to the proceeding; (ii) is acting as a lawyer in the proceeding; (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or (iv) is a material witness. The associate at defense counsel's firm is not a party to this proceeding; is not acting as a lawyer in this proceeding, nor has she been involved in this case at all; as an associate, she has no interest in the outcome of this proceeding; and she is not a witness.

Under the rules, clearly, even if Judge White and this associate were <u>married</u>, he would not be required to recuse based solely on her status as an associate at defense counsel's firm. <u>See</u> <u>Matter of Billedeaux</u>, 972 F.2d 104 (5th Cir. 1992) (holding that a judge need not recuse even though her husband was a partner of the firm representing defendant); <u>In the Matter of a Charge of Judicial Misconduct or Disability</u>, 85 F.3d 701, 704 n.1 (D.C. Cir. 1996) (noting the Committee on Codes of Conduct's long-standing view that when a judge's spouse works for a law firm representing a party in a case before him, no appearance of impropriety exists so long as the associate-spouse has not worked on the case and does not stand to profit from it).

Plaintiffs argue, however, that something more exists in this case that would require Judge White to recuse under 28 U.S.C. § 455(a). Section 455(a) directs: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Given that Judge White is not required to recuse under § 455(b), something more would need to exist to require his recusal under § 455(a). Plaintiffs do not point to anything more with regard to this relationship that creates a situation in which his impartiality might reasonably be questioned. In fact, Judge White is certain that nothing else does exist with regard to this relationship that would create such a circumstance.

Instead, Plaintiffs argue that the relationship alone creates an appearance of impropriety. Plaintiffs cite a number of cases in which judges were required to recuse based upon a relationship with an attorney in a case or a party to a case. Those cases are clearly not applicable here, however, as the associate is not an attorney in this case or a party to this case. Plaintiffs discuss cases in which a close friend of a judge is a prosecutor in a case before him, yet never acknowledge the fairly large dissimilarity -- the associate here is not involved in this case at all. Plaintiffs go on to note that Judge White's relationship with the associate may become more serious and require recusal. As the Court noted previously and will note again, even if Judge White and the associate were married, the relationship alone would not require recusal in this case.

Plaintiffs argue additionally that Judge White's relationship combined with the fact that a ruling this Court made adverse to Plaintiffs in 2005 was overturned by the Circuit creates a situation in which his impartiality might reasonably be questioned. This case has been ongoing since May 29, 2002. The Court has entered many rulings, some in favor of Plaintiffs, some in favor of Defendants. The Court is befuddled by Plaintiffs' argument. In 2005, Judge White was not in a relationship with an associate at defense counsel's firm, nor was that particular attorney even employed by defense counsel's firm. Plaintiffs note on more than one occasion that they do not intend to argue that any actual bias did exist when the Court entered that ruling, only that because that ruling was adverse to Plaintiffs and overturned by the Circuit, its mere existence combined with the existence of Judge White's current relationship creates a situation in which his impartiality might reasonably be questioned. Plaintiffs never acknowledge that the relationship did not exist in 2005, nor that the attorney was not employed at defense counsel's firm in 2005. Plaintiffs also never acknowledge that this Court has entered rulings in favor of both Plaintiffs and Defendants.

Moreover, if federal judges were required to recuse in every case in which they had entered rulings that were later overturned, successful appellants everywhere would be requesting recusal. The Court understands Plaintiffs surely do not mean to suggest that the overturned ruling alone necessitates Judge White's recusal. Plaintiffs clearly do assert, however, that the overturned ruling combined with another innocuous circumstance compels his recusal. This Court simply does not agree. One has nothing to do with the other. The first, the relationship, is not one which requires Judge White's recusal. Nothing additional with regard to that relationship creates a situation in which his impartiality might reasonably be questioned. The second, the overturned ruling, is a non-starter. Plaintiffs' motion [Docket No. 434] is DENIED.

IT IS SO ORDERED this 14th day of November, 2007.

**Dated this 14th Day of November 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma