# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES BEEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-02-285-RAW |
| ) | |
| O.K. INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion of the defendants[1] for new trial. On March 10, 2008, the jury returned a verdict in favor of the plaintiffs in the amount of $21,141,975.00 (#533). On March 25, 2008, the court entered judgment in favor of plaintiffs in accordance with that verdict (#543)[2].

The appropriate standard of review depends upon the ground asserted in the motion, and the present motion asserts multiple grounds. Whether to submit a general verdict form is committed to the trial court's discretion, and the district court is under no obligation to require the jury to return special verdicts or to answer special interrogatories. *See Martinez v. Union Pac. R.R. Co.,* 714 F.2d 1028, 1032 (10th Cir.1983). Evidentiary errors warrant a new trial only when a party's substantial rights are adversely and prejudicially affected. *See Sanjuan v. IBP, Inc.,* 160 F.3d 1291, 1297 (10th Cir.1998). Faulty jury instructions require

---

[1] The defendants are O.K. Industries, Inc., O.K. Foods, Inc., O.K. Farms, Inc., and O.K. Broiler Farms Limited Partnership (hereinafter "O.K.").

[2] The trial involved alleged violation of §202(a) of the Packers and Stockyards Act ("PSA"). *See generally Been v. O.K. Industries, Inc.,* 495 F.3d 1217 (10th Cir.2007).

reversal when (1) there is substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations; and (2) when a deficient jury instruction is prejudicial. *See McInnis v. Fairfield Communities, Inc.,* 458 F.3d 1129, 1141 (10th Cir.2006).

Finally, where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence. *Anaeme v. Diagnostek, Inc.,* 164 F.3d 1275, 1284 (10th Cir.1999). This court must view the record evidence in the light most favorable to the prevailing party, while being mindful that the jury has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.,* 205 F.3d 1219, 1226 (10th Cir.2000).

First, defendants object to the court's use of a general verdict as opposed to special interrogatories. This argument is coupled with contentions that the plaintiffs' evidence was inadequate (or, in Dr. Taylor's testimony, too amalgamated) on such matters as "density reduction," "information sharing," and "building specification control."[3] The court was persuaded that the interrogatories posed a risk of jury confusion and that the general verdict was appropriate under the evidence presented. The motion is denied as to this ground.

---

[3]Plaintiffs argue that defendants waived any contention as to insufficiency of evidence by failing to articulate this specific point in its Rule 50(a) motion at trial. The court will address the contention on the merits.

Next, defendants assert that the court should have excluded Dr. Taylor's testimony. The court remains persuaded that the testimony was appropriate for the issues to be tried,[4] and that a new trial is not appropriate.

Finally, defendants attack certain of the court's jury instructions or lack thereof. The defendants did not object to several of these instructions, and in any event the court does not find the instructions erroneous. Deserving of some discussion is the court's decision <u>not</u> to instruct the jury as to statute of limitations. In some circumstances, factual issues related to a statute of limitations should be put before a jury. *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994)[5]. The court is not persuaded the case at bar presents such circumstances. In the present case, the court concluded as a matter of law that the jury need not be instructed as to statute of limitations because of the applicability of the "continuing harm" doctrine and the "speculative damages" doctrine[6].

The court also rejects defendants' argument that evidence of Gene Blackwell's particular earnings should have been excluded as irrelevant. The court does not view the

---

[4]This is not to say that the court found persuasive the testimony of either parties' expert witness. Admittedly not itself an expert in economics, the court found Defendants' expert's testimony to have a number of research gaps and found the Plaintiffs' expert's testimony to be little more than gussied up wealth redistributive theory of probable Marxist origin. Nevertheless, because the court believed these flaws went more to the credibility of the experts' testimony than to its admissibility, the jury was allowed to hear it.

[5]The statement does appear in a Tenth Circuit opinion that "[w]hether an action is timely is question for the jury to decide applying a preponderance of the evidence standard." *Aguinaga v. United Food & Com. Workers Intern.,* 993 F.2d 1463, 1472 (10th Cir.1993). That case, however, involved factual issues as to the plaintiff's knowledge of his union's alleged violations. This court concludes that the statement cannot have been intended literally in every case.

[6]The court's conclusion in this regard was not formally entered on the record because defendants did not make a formal specific objection to the absence of a statute of limitation instruction.

admission as error, and in any event it does not rise to the level that a new trial should be granted.

The court raises a final issue on its own motion. Defendants have not asked for remittitur in their JMOL or new trial motions, but the court believes it has the power to raise the issue sua sponte. *See Vadie v. Miss. State Univ.,* 218 F.3d 365, 378 (5th Cir.2000). In the usual remittitur situation, a trial judge reviews the jury's verdict in order to determine if substantial evidence at trial supported the amount awarded. If not, the court may then determine a reasonable amount as plaintiffs' damages and allow plaintiffs to remit the excess over the amount. *See generally Cartel Asset Management v. Ocwen Fin. Corp.,* 2007 WL 2733725 (10th Cir.). The court finds that the jury's damage award was not supported by substantial evidence and should be reduced.

Plaintiffs, however, must be given the option of a new trial in lieu of remitting a portion of the jury's award. If the plaintiffs do not consent to the remittitur, the district court has no alternative but to order a new trial on damages. *Id.* Here, the court finds the absolute maximum supported by the evidence was $14,511,935 as stated in the instructions at page 5[7].

---

[7]During deliberations, the jury sent the court a note inquiring if they were bound by the damages limitation set forth in the instructions. The court answered "no", not knowing if the jury was considering awarding a greater or <u>lesser</u> amount than the boundaries set forth in the instructions. This does not effect whether there was adequate evidence supporting the amount that was ultimately awarded.

It is the Order of the Court that the motion of the defendants for new trial (#550) is hereby DENIED. The court, however, directs that the stay on execution of judgment remains in effect. The court suggests remittitur of the damages award to $14,511,935. Plaintiffs are given ten days from the date of this order to file a consent to remittitur, at which time an amended judgment will be entered. If plaintiffs do not consent to the remittitur, a new trial as to damages will be ordered.

**ORDERED THIS 3rd DAY OF JULY, 2008.**

**Dated this 3rd Day of July 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma